UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

           *v.*

$13,270.00 IN UNITED STATES CURRENCY,

    Defendant.

Civil Action No:

## VERIFIED COMPLAINT FOR FORFEITURE

COMES NOW the United States of America, Plaintiff in the above-styled

action, by Kurt R. Erskine, Acting United States Attorney, and Norman L. Barnett,

Assistant United States Attorney, for the Northern District of Georgia, pursuant to

21 U.S.C. § 881(a)(6), and files this Verified Complaint for Forfeiture, showing the

Court as follows:

## BACKGROUND

1.    On or about February 18, 2021, inspectors with the United States

Postal Inspection Service ("USPIS") seized $13,270.00 in United States currency

(DEFENDANT CURRENCY).

2.    DEFENDANT CURRENCY is presently within the jurisdiction of this

Court and is being held by the USPIS at a secure location.

1

3.      The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1345 and 1355.

4.      This Court has *in rem* jurisdiction over DEFENDANT CURRENCY pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

**FORFEITURE STATUTES**

6.      Pursuant to 21 U.S.C. § 881(a)(6), all moneys and things of value that were furnished or intended to be furnished in exchange for a controlled substance, that constitute proceeds traceable to such an exchange, or that were used or were intended to be used to facilitate the sale or exchange of a controlled substance in violation of 21 U.S.C. §§ 841 and 846 are subject to seizure and forfeiture to the United States.

7.      DEFENDANT CURRENCY is also subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that it constitutes or was derived from proceeds traceable to a violation of a "specified unlawful activity" as defined in U.S.C § 1956(c)(7).

8.      18 U.S.C. § 1956(c)(7) defines, in relevant part, a "specified unlawful

activity" as any act or activity constituting an offense listed in 18 U.S.C. § 1961(1).

9.      18 U.S.C. § 1961(1) includes, as part of the list of offenses, "dealing in a controlled substance or listed chemical."

## DEFENDANT CURRENCY

10.     Drug traffickers often use the U.S. Mail to transport controlled substances and narcotics proceeds.

11.     On or about February 11, 2021, personnel at the post office located at 1420 Martha Berry Boulevard, NE, Rome, Georgia 30165 ("Rome Post Office") reported to postal inspectors that Priority Mail Express parcel number EE338151175US ("SUBJECT PARCEL") was emitting an odor of marijuana.

12.     Inspectors instructed post office personnel to send SUBJECT PARCEL to USPIS's Atlanta Division Headquarters for further investigation.

13.     SUBJECT PARCEL was addressed to Tyler Allen at 1308 E. Colorado Blvd., #312, Pasadena, California 91106 on a handwritten Priority Mail Express label. The return address was to James Gordon at 404 Reece St., Rome, Georgia 30161.

14.     SUBJECT PARCEL weighed five pounds and 11 ounces.

15.     Through queries of postal and law enforcement databases, inspectors further associated Gordon with the Reece Street address.

16.     On February 17, 2021, inspectors contacted Gordon, who confirmed he mailed SUBJECT PARCEL. Gordon also said the package contained a blanket and approximately $9,000.00 in United States Currency and that he owed the package's addressee more than $9,000.00 for supplies and products.

17.     Gordon gave inspectors consent to search SUBJECT PARCEL.

18.     Inspectors advised Gordon that a narcotics-detecting canine would examine SUBJECT PARCEL.

19.     On or about February 18, 2021, inspectors examined SUBJECT PARCEL and a narcotics-detecting canine gave a positive alert after conducting a free air sniff.[1]

20.     Inspectors opened SUBJECT PARCEL and found a sealed cardboard box, packing peanuts, and packing paper.

21.     The cardboard box contained DEFENDANT CURRENCY, which was vacuum sealed in two bags and a blanket.

22.     The box contained no notes, receipts, or other documents.

---

[1] Canine Officer Brutus with the Sandy Springs Police Department alerted after smelling SUBJECT PARCEL. According the officer handling Brutus, he exhibited a change in behavior consistent with the detection of the odor of a controlled substance or the residue of at least one controlled substance. Brutus was last certified in September 2020.

23.     The "signature required" box was not checked on SUBJECT PARCEL's Priority Mail Express label, which would allow the package to be delivered without the addressee's signature.

24.     Narcotics traffickers will often sign the waiver of signature to thwart the identification of the addressee if the address is possibly under investigation.

**OTHER PACKAGES MAILED FROM ROME, GEORGIA TO PASADENA, CALIFORNIA**

25.     Postal inspectors searched postal databases and discovered that Gordon mailed packages to Allen on January 27, 2021 and December 2, 2020. The January 27, 2021 parcel weighed five pounds and seven ounces. The December 2, 2020 parcel weighed five pounds and 13 ounces.

26.     Other packages with similar weights were mailed from the Rome Post Office to 1308 Colorado Blvd., Pasadena, California, including:

- a parcel weighing seven pounds and 12 ounces on November 20, 2020,

- a parcel weighing five pounds and two ounces on November 3, 2020,

- a parcel weighing five pounds and four ounces on September 30, 2020, and

- a parcel weighing eight pounds and eight ounces on August 11, 2020.

27.     The above parcels described in paragraphs 25 and 26 have weights similar to SUBJECT PARCEL, a package that yielded a positive alert from a narcotics-detecting canine and that was used to mail United States currency from Georgia to California.

28.     On April 30, 2021, Gordon filed a claim to DEFENDANT CURRENCY and asserted that he won the money through the lottery.

## CONCLUSION

29.     Based on the forgoing, DEFENDANT CURRENCY is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) on the grounds that it was furnished or was intended to be furnished in exchange for a controlled substance, that it constitutes proceeds traceable to such an exchange, or that it was used or was intended to be used to facilitate the possession of a controlled substance in violation of 21 U.S.C. §§ 841 and 846.

30.     DEFENDANT CURRENCY is also subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), because it constitutes or was derived from proceeds traceable to a specified unlawful activity, namely the illegal distribution of controlled substances.

WHEREFORE, Plaintiff prays:

(1)     that the Court forfeit DEFENDANT CURRENCY to the United States of America;

(2)     that the Court award Plaintiff the costs of this action; and

(3)     that Plaintiff have such other and further relief as the Court deems

        just and proper under the facts and circumstances of this case.

This _____ day of July, 2021.


                              Respectfully submitted,

                              Kurt R. Erskine
                                   *Acting United States Attorney*

                               /s/ Norman L. Barnett_____
                              NORMAN L. BARNETT
                                   *Assistant United States Attorney*
                              Georgia Bar No. 153292
                              75 Ted Turner Dr., S.W., Ste. 600
                              Atlanta, Georgia 30303
                              404-581-6323
                              norman.barnett@usdoj.gov

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

             *v.*

$13,270.00 IN UNITED STATES CURRENCY,

    Defendant.

Civil Action No:

## VERIFICATION OF COMPLAINT FOR FORFEITURE

I, United States Postal Inspector Jessica Speers, have read the Complaint for Forfeiture in this action and state that its contents are true and correct to the best of my knowledge and belief based upon my personal knowledge of the case and upon information obtained from other law enforcement personnel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This __28__ day of July, 2021.

_____
POSTAL INSPECTOR JESSICA SPEERS
UNITED STATES POSTAL SERVICE

8